FILED
2006 Jul-28 PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEON MATTHEWS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:06-cv-01351-UWC** |
| **ALABAMA ARMY NATIONAL** ) | |
| **GUARD,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

Plaintiff Leon Matthews ("Matthews") asks this Court to overturn his disqualification from the Alabama National Guard.  (Doc. 1.)  According to the documents submitted with Matthews' complaint, Dr. Palmer diagnosed Matthews with Personality Disorder, a condition that results in automatic medical disqualification from the Alabama National Guard.  *Id.*

Matthews contends that he should not have been diagnosed with Personality Disorder and that, consequently, there is an "error" in his medical record that should be corrected.  Under the applicable regulations concerning these matters, "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."  10 USCS § 1552(a)(1).  "No correction may be made under subsection (a)(1) unless the claimant or his heir or legal representative files a request for the correction within three years after he discovers the error or injustice. However, a board established under subsection (a)(1) may

excuse a failure to file within three years after discovery if it finds it to be in the interest of justice." 10 USCS § 1552(b).

"Because a court is powerless to act beyond its grant of subject matter jurisdiction, a court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

"It is to be presumed that a cause lies outside this limited jurisdiction,..., and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In order to satisfy this burden, "the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994).

Because it appears that Matthews must petition the Secretary of the military department in order to correct the alleged "error," he has failed to satisfy the burden of establishing the existence of this Court's jurisdiction. There being no apparent basis for jurisdiction, by separate order, this case will be DISMISSED without prejudice.

Done the 28th day of July, 2006.

U.W. Clemon
Chief United States District Judge